UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-4645 CIV-LENARD

MAGISTRATE JUDGE TURNOFF

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ONE MILLION FOUR HUNDRED
FORTY-NINE THOUSAND FOUR
HUNDRED SEVENTY-THREE DOLLARS
AND THIRTY-TWO CENTS
($1,449,473.32) IN UNITED
STATES CURRENCY

    Defendant.
_____/

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

    Plaintiff, United States of America, by and through the undersigned attorneys, hereby files this Complaint for Forfeiture and alleges as follows:

    1. This is a civil action for forfeiture *in rem* of ONE MILLION FOUR HUNDRED FORTY-NINE THOUSAND FOUR HUNDRED SEVENTY-THREE DOLLARS AND THIRTY-TWO CENTS ($1,449,473.32) in U.S. currency ("defendant currency").

    2. This Court has jurisdiction and venue over this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395 in that the defendant currency was seized in the Southern District of Florida and will remain within the Southern District of Florida during the pendency of this action.

    3. The United States seeks forfeiture of the defendant currency pursuant to Title 21, United States Code, Section 881(a)(6) and Title 28, United States Code, Section 2461. Title 21, United States Code, Section 881(a)(6) provides for the

forfeiture of moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for controlled substances in violation of the Controlled Substance Act, 21 U.S.C. §§ 801 et seq., and for the forfeiture of property which constitutes proceeds traceable to such an exchange.

### FACTS AND CIRCUMSTANCES SUPPORTING FORFEITURE

4. The defendant currency was seized from 100 Lincoln Road, Penthouse #5, in Miami, Florida, and accounts numbered 91000024265241, 003061168043, and 003669004664 at Nations Bank, Miami Beach Branch, on or about March 21-23, 2000. At the time of the seizure, Baruch Jairo Vega resided at 100 Lincoln Road, Penthouse #5, and the seized bank accounts were held in the name of Baruch Vega and/or Baruch Vega United Productions. Baruch Vega is the owner of Baruch Vega United Productions.

5. On May 29, 2000, Vega, through his attorney, filed a claim of ownership to all of the defendant currency and a cost bond contesting the forfeiture of the defendant currency.

6. On July 20, 2000, Vega and his attorney executed a written agreement with the government in which Vega knowingly and voluntarily agreed to waive any right to prompt action by the government in filing a complaint to commence civil forfeiture of the defendant currency and agreed that should the government file such a complaint, the forfeiture laws as they existed as of the date of the agreement would govern any such action. Attached as Exhibit A is a copy of the agreement.

7. The defendant currency was seized in connection with an investigation by agents of the Federal Bureau of Investigation into allegations of conspiracy, obstruction of justice and money laundering. On or about March 22, 2000, Vega was arrested on a criminal complaint charging him with conspiring to obstruct and obstructing justice and conspiring to launder and laundering monetary instruments, in violation of Title 18, United States Code, Sections 1956, 371, and 1503.

8. The FBI's investigation revealed that, from May 1999 through March 2000, while a confidential informant for the Drug Enforcement Administration, Vega engaged in a fraudulent scheme, wherein he tricked Colombian drug traffickers into giving him large amounts of money, which Vega claimed he would use corruptly to ensure that the drug traffickers would be treated leniently after they surrendered in the United States. Some of the traffickers were already indicted and some were under federal criminal investigation.

9. Vega received the large amounts of money from the drug traffickers in cash, money order checks, and wire transfers. The money received by Vega from the drug traffickers was known by Vega and others to be proceeds of illegal narcotics trafficking. When interviewed by the FBI prior to and at the time of his arrest on March 21-22, 2000, Vega identified several people who knew that the money he received from the drug traffickers was the proceeds of narcotics trafficking.

10. On March 21-22, 2000, Vega executed a written consent to the search of his residence and informed the searching agents that they would find cash and money orders representing money he received from the drug traffickers to whom he had pitched his fraudulent scheme. The agents found and seized $453,892 in cash and $56,253 in money orders from Vega's residence.

11. On or about March 21-22, 2000, Vega executed a written consent to the seizure of the money in his bank accounts. On or about March 23, 2000, FBI agents executed a seizure warrant and seized all funds deposited in account numbers 003061168043, 003669004664 and 91000024265241 at Nations Bank, Miami Beach Branch. The following amounts were seized from each account: $10,142.81 was seized from bank account number 91000024265241; $925,185.18 was seized from bank account number 003061168043; and $4,000.33 was seized from bank account number 003669004664.

12. A confidential source ("CW"), who has previously provided reliable information, told the FBI that s/he used an intermediary to pay an associate of Vega's $3 million in cash in New York, which was the proceeds of illegal narcotics trafficking, to assist her/his indicted family members in approximately early December, 1999. According to the CW, Vega confirmed that he had received the money and that he knew it was proceeds of the CW's narcotics trafficking. When interviewed on March 21-22, 2000, Vega said that the CW had delivered $3 million to an associate of his in New York, but explained that the $3 million was used to pay several other people so that when Vega

4

received the money in Miami in January, 2000, only $1.2 million remained. Vega said that he paid other people so that, of that $1.2 million, he only retained $500,000 in cash.

13. According to the CW, in early January, 2000, a Colombian drug trafficker ("CDT") paid Vega $1 million in cash in Miami. According to the CW, the cash was the proceeds of drug trafficking activities. Also according to the CW, drug trafficking is CDT's only source of substantial amounts of cash. When interviewed by FBI agents, Vega confirmed that he had received $1 million from CDT in January, 2000, at his residence. He also stated that, of the $1 million, he retained approximately $350,000 in cash.

14. According to the CW, Vega received additional payments by wire transfer and money order checks from CDT through accounts held by businesses based in New York, New York. On March 13, 2000, Vega showed the CW a facsimile summarizing his deal with CDT and told the CW that he had received $1 million from CDT. On March 11 and 13, 2000, CDT's assistant sent CW by facsimile wire transfer confirmations and summary check deposit information, confirming wire transfers and check deposits in various amounts totaling $2,481,370 to Nations Bank account number 003061168043, and a handwritten note in Vega's handwriting providing bank account and wire transfer information. Copies of the wire transfer confirmations and summary check deposits were also

retrieved from Vega's residence during the consent search conducted on March 21-22, 2000.

15. By reason of the foregoing, the defendant currency is subject to forfeiture to the United States of America pursuant to the provisions of 21 U.S.C. §881(a)(6) in that it constitutes proceeds of exchanges for controlled substances and/or proceeds traceable to such exchanges in violation of 21 U.S.C §841 et seq.

WHEREFORE, the United States of America requests that a warrant of arrest be issued for the defendant currency; that the Court direct any and all persons having any claim to the defendant property to file and serve their Verified Claims and Answers as required by the Supplemental Rules for Certain Admiralty and Maritime Claims, or suffer default thereof; that the Court declare the defendant currency, and all accrued interest thereon, condemned and forfeited to the United States of America for disposition according to law; and that the United States be granted such other and further relief as this Court deems just and proper, together with costs and disbursements of this action.

Respectfully submitted,

*/s/ Nancy Newcomb*
NANCY NEWCOMB, no. A5500551
ALISON VAN HORN, no. A5500550
TRIAL ATTORNEYS/CRIMINAL DIVISION
PUBLIC INTEGRITY SECTION
U.S. DEPARTMENT OF JUSTICE
P.O. BOX 27518
McPHERSON SQUARE STATION
WASHINGTON, D.C. 20038
TEL. (202) 514-1412
FAX. (202) 514-3003

## **VERIFICATION**

I, John C. Jones, Special Agent, Federal Bureau of Investigation, declare under penalty of perjury pursuant to 28, United States Code, Section 1746, that the foregoing Complaint for Forfeiture <u>in</u> <u>Rem</u> is based on information known to me, and that the facts alleged are true and correct to the best of my knowledge and belief.

Executed on _October 4, 2001_

_____
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

## AGREEMENT

Defendant Baruch Jairo Vega, through his attorney, Elio Vazquez, and the United States, through its undersigned attorneys, hereby enter into the following Agreement:

1. On March 22-23, 2000, property belonging to Baruch Jairo Vega was seized by the Federal Bureau of Investigation in Miami Beach, Florida, for forfeiture. The relevant seizure numbers are:

   3460-2000-F-0088
   3460-2000-F-0090
   3460-2000-F-0092
   3460-2000-F-0093
   3460-2000-F-0094

2. On May 29, 2000, Baruch Jairo Vega, through his attorney, filed a claim of ownership and cost bond contesting the forfeiture of property seized by the FBI.

3. Baruch Jairo Vega knowingly and voluntarily agrees to waive any right to prompt action by the government with respect to the government's filing of a complaint to commence civil forfeiture of the property.

4. The parties agree that should the government at a later date file a complaint to commence civil forfeiture of the property, the forfeiture laws as they exist as of the date of this Agreement will govern any such action.

FOR THE UNITED STATES

_____
Nancy J. Newcomb
Senior Trial Attorney
Jonathan Biran
Trial Attorney
Public Integrity Section
Criminal Division
United States Department of Justice
P.O. Box 27518, McPherson Sq. Station
Washington, DC 20038
Tel: (202) 514-1412

Date: 7/20/00

FOR BARUCH JAIRO VEGA

_____
Baruch Jairo Vega

_____
Elio Vázquez
Attorney for Mr. Vega
6780 Coral Way
Miami, Florida 33155
Tel: (305) 261-4000

Date: 7/14/00

ATTACHMENT A

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

01-4645

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
United States of America

**DEFENDANTS**
One Million Four Hundred Forty-Nine Thousand Four Hundred Seventy-Three Dollars and Thirty-Two Cents

CIV-LEONARD

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

B Dodo 01-4645 CIV JAL WCT

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Nancy J. Newcomb and Alison Van Horn
Trial Attorneys, Public Integrity Section
P.O. Box 27518, Washington, D.C. 20038

ATTORNEYS (IF KNOWN)
Elio Vasquez
6780 Coral WAy
Miami, FL 33155

MAGISTRATE JUDGE
TURNOFF

(d) CIRCLE COUNTY WHERE ACTION AROSE: (DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties In Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □1 | □1 | Incorporated or Principal Place of Business In This State | □4 | □4 |
| Citizen of Another State | □2 | □2 | Incorporated and Principal Place of Business In Another State | □5 | □5 |
| Citizen or Subject of a Foreign Country | □3 | □3 | Foreign Nation | □6 | □6 |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| □110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B□610 Agriculture | □422 Appeal 28 USC 158 | □400 State Reapportionment |
| □120 Marine | □310 Airplane | □362 Personal Injury - Med. Malpractice | B□620 Other Food & Drug | | □410 Antitrust |
| □130 Miller Act | □315 Airplane Product Liability | | □625 Drug Related Seizure of Property 21 USC 881 | □423 Withdrawal 28 USC 157 | □430 Banks and Banking |
| □140 Negotiable Instrument | □320 Assault, Libel & Slander | □365 Personal Injury - Product Liability | | | B□450 Commerce/ICC Rates/etc. |
| □150 Recovery of Overpayment & Enforcement of Judgment | □330 Federal Employers' Liability | □368 Asbestos Personal Injury Product Liability | B□630 Liquor Laws | A PROPERTY RIGHTS | □460 Deportation |
| B□152 Recovery of Defaulted Student Loans (Excl. Veterans) | □340 Marine | PERSONAL PROPERTY | B□640 R.R. & Truck | □820 Copyrights | □470 Racketeer Influenced and Corrupt Organizations |
| B□153 Recovery of Overpayment of Veteran's Benefits | □345 Marine Product Liability | □370 Other Fraud | B□650 Airline Regs. | □830 Patent | □810 Selective Service |
| □160 Stockholders' Suits | □350 Motor Vehicle | □371 Truth in Lending | B□660 Occupational Safety/Health | □840 Trademark | □850 Securities/Commodities/ Exchange |
| □190 Other Contract | □355 Motor Vehicle Product Liability | □380 Other Personal Property Damage | B□690 Other | A LABOR | B SOCIAL SECURITY | □875 Customer Challenge 12 USC 3410 |
| □195 Contract Product Liability | □360 Other Personal Injury | □385 Property Damage Product Liability | □710 Fair Labor Standards Act | □861 HIA (1395ff) | □891 Agricultural Acts |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | □720 Labor/Mgmt. Relations | □862 Black Lung (923) | □892 Economic Stabilization Act |
| □210 Land Condemnation | □441 Voting | B□510 Motions to Vacate Sentence | □730 Labor/Mgmt. Reporting & Disclosure Act | □863 DIWC/DIWW (405(g)) | □893 Environmental Matters |
| B□220 Foreclosure | □442 Employment | HABEAS CORPUS: | | □864 SSID Title XVI | □894 Energy Allocation Act |
| □230 Rent Lease & Ejectment | □443 Housing/ Accommodations | B□530 General | □740 Railway Labor Act | □865 RSI (405(g)) | □895 Freedom of Information Act |
| □240 Torts to Land | | A□535 Death Penalty | | FEDERAL TAX SUITS | □900 Appeal of Fee Determination Under Equal Access to Justice |
| □245 Tort Product Liability | □444 Welfare | B□540 Mandamus & Other | □790 Other Labor Litigation | A□870 Taxes (U.S. Plaintiff or Defendant) | □950 Constitutionality of State Statutes |
| □290 All Other Real Property | □440 Other Civil Rights | B□550 Civil Rights | A□791 Empl. Ret. Inc. Security Act | A□871 IRS - Third Party 26 USC 7609 | □890 Other Statutory Actions A OR B |
| | | B□555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

Civil action for forfeiture in rem, pursuant to 21 U.S.C. 881(a)(6) and 28 U.S.C. 2461

LENGTH OF TRIAL
via _____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES [X] NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE Bandstra
DOCKET NUMBER 00-2467

DATE 10/12/01
SIGNATURE OF ATTORNEY OF RECORD
/s/ Nancy J. Newcomb

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____